UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| VERTRUE INCORPORATED, )<br>  )<br>          Plaintiff, )<br>  )<br>v. )<br>  )<br>ROBERT GRAHAM and )<br>MICHAEL SHANE, )<br>  )<br>          Defendants. ) | Civil No. 2:06-CV-135-GZS |

**ORDER ON PENDING MOTIONS**

Before the Court are the following motions filed by Defendants Robert Graham and Michael Shane (together, "Defendants"): (1) Objection to Scheduling Order, Motion for Stay and Request for Status Conference to Schedule Further Proceedings (Docket # 3), (2) Motion for Stay of Action Pending Related Appeal (Docket # 4) and (3) Request for Oral Argument in Connection with Defendants' Motion to Dismiss and Motions to Stay (Docket # 5 & 7). Having reviewed the written submissions of the parties, the Court DENIES all of these motions.

With respect to Defendants' claim that the Court still needs to address outstanding issues raised by the August 22, 2005 Motion to Dismiss, the Court disagrees with this assertion. On appeal, this Court reviewed the entire August 22, 2005 Motion to Dismiss *de novo* and concluded there was no basis for granting the Motion on any of the asserted bases. (See Aug. 6, 2006 Order on Appeal.) Thus, despite the fact that Bankruptcy Court may have based its denial of the Motion to Dismiss on only some of the arguments presented in the motion papers, this Court then considered all of the arguments presented in determining whether there was any basis for granting the August 22, 2005 Motion to Dimiss.

Based on the current procedural posture of the case, Defendants are certainly free to file a new motion to dismiss if they believe that there are any additional arguments the Court should consider. However, as the Court's August 6, 2006 Order indicated, the motion to dismiss standard sets a "low hurdle" and Defendants might be wise to consider

1

the efficacy of asking the Court to consider whether Plaintiff's claims can clear the higher hurdle set by Federal Rule of Civil Procedure 56.  In any event, the Court will not reconsider its decision to deny the August 22, 2005 Motion to Dismiss.

Turning to Defendants' various bases for seeking a stay of this action, the Court must consider the entire procedural history of this litigation, which dates back to 2004. The Court will not attempt to recount that history here.  Suffice it to say, Defendants have fought long and hard to prevent this particular case from moving forward on the merits in a number of venues.  Despite these efforts, it presently appears that this case will ultimately require a resolution that addresses the merits of Plaintiff's claims.  Thus, in the Court's assessment, there is no basis to believe the outcome of any related appeals will yield a decision that will make this action moot and any further stay will simply delay the inevitable need to resolve the case on its merits.  Thus, the Court finds no good cause for a stay.

In light of these rulings, the Court finds Defendants' asserted objections to the August 10, 2005 Scheduling Order (Docket # 2) to be without merit.  To the extent that the briefing on these pending motions has somehow impaired the parties' ability to comply with any particular deadlines set in the August 10, 2006 Scheduling Order, the parties are free to request reasonable modifications to those deadlines.  Absent an approved request for reasonable modification of the Scheduling Order (Docket # 2) deadlines, the Court expects that the parties will comply with all deadlines and file any dispositive motions on or before February 1, 2007.

As herein explained, Defendants' Motions (Docket #s 3, 4, 5 & 7) are hereby DENIED.

SO ORDERED.

/s/ George Z. Singal
Chief U.S. District Judge

Dated this 5th day of October 2006.