UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| *VERTRUE INCORPORATED,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Docket No. 06-135-P-S |
| | ) | |
| *ROBERT GRAHAM et al.,* | ) | |
| | ) | |
| *Defendants* | ) | |

### MEMORANDUM DECISION ON PLAINTIFF'S MOTION TO STRIKE AND FOR ATTORNEY FEES

The plaintiff moves to strike the defendants' purported reply to certain of its responses to the defendants' statement of material facts submitted in connection with their motion for summary judgment pursuant to this court's Local Rule 56 and Fed. R. Civ. P. 56 and for an award of attorney fees related to this motion. Plaintiff's Motion to Strike Defendants' Reply to Alleged New Facts in Vertrue's Opposing Statement of Material Facts, etc. ("Motion") (Docket No. 98). The motion refers to a portion of the document submitted by the defendants pursuant to Local Rule 56(d), Defendants' Revised Reply Statement of Material Facts, etc. (Docket No. 95), entitled "Reply to Alleged New Facts in Vertrue's Opposing Statement of Material Facts," *id.* at 1. In that portion of the document, the defendants purport to "reply" to the plaintiff's response to three specific paragraphs of the defendants' initial statement of material facts.

The operative summary judgment documents in this case were revised and resubmitted pursuant to my order entered after a telephone conference with counsel during which I pointed out numerous defects in the parties' initial filings. One of the specific practices which I identified during that conference as not being contemplated by Local Rule 56 was the filing of purported replies to the

1

opposing party's response to a moving party's statement of material facts. Contrary to the defendants' current argument, Defendants' Opposition to Plaintiff's Motion to Strike Defendants' Reply to Alleged New Facts, etc. ("Opposition") (Docket No. 102) at 2-3 & n.2, this practice is not "in accordance with Local Rule 56(d)" nor is it "proper under Local Rule 56(d)." *See, e.g., Dobbins v. Postmaster Gen.*, 2007 WL 295215 (D. Me. Jan. 29, 2007), at *10 n.6. It is particularly difficult to understand how counsel for the defendants could take such a position given my statement during the telephone conference that the defendants' purported "reply to the plaintiff's response to their initial statement of material facts" in the original filings was "not contemplated by the local rule" and advising counsel that such a "reply" "can only be done with prior leave of Court." Transcript of Proceedings (Docket No. 93) at 9. The defendants did not seek leave to file such a reply in connection with the current iteration of the summary judgment filings.

The request to strike that portion of Docket Number 95 is granted.[1] I have not relied on the facts asserted in the purported reply in addressing the motion for summary judgment in my recommended decision filed herewith. If counsel for the defendants felt that the factual assertions included in the plaintiff's responses to paragraphs 11, 30 and 57 of their initial statement of material facts should not be considered by the court for any reason, the appropriate means to have brought this issue to the court's attention would have been to file a request for leave to submit additional factual information. Were the defendants' interpretation of Local Rule 56 accurate, responses to responses to statements of material facts could go on indefinitely. That is most assuredly not the intent of the rule, as I made sufficiently clear during the telephone conference.

The plaintiff's request, Motion at 4-5, for attorney fees pursuant to 28 U.S.C. § 1927, which authorizes the award of attorney fees against an attorney who "so multiplies the proceedings in any

---

[1] Given the circumstances, the instant motion to strike neither violates Local Rule 56(e) nor is it untimely, as the defendants contend. (*continued on next page*)

case unreasonably and vexatiously," is denied. While the actions of defense counsel under the circumstances can only be described as improper, they do not rise to the level of egregious conduct contemplated by the statute. *See, e.g., Vital Basics, Inc. v. Vertrue, Inc.*, 2007 WL 1308806 (D. Me. May 3, 2007) at *3 n.2; *Bissell v. Breakers By-The-Sea*, 7 F.Supp.2d 60, 64 n.2 (D. Me 1998).

Dated this 17th day of July, 2007.

/s/ David M. Cohen  
David M. Cohen  
United States Magistrate Judge

---

Opposition at 1 n.1.